UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
SEAN KOH and KOHERENT, INC.,

        Plaintiffs,

    v.

BONWOONG (BRIAN) KOO, Individually and as
an Officer of MAUM HOLDINGS, INC. and MAUM
CAPITAL GROUP, INC., MAUM HOLDINGS, INC.,
and MAUM CAPITAL GROUP, INC.,

        Defendants.
----------------------------------------------------------------x

**COMPLAINT**

**JURY TRIAL DEMANDED**

    Plaintiffs, SEAN KOH and KOHERENT, INC. (collectively the "Plaintiffs"), by and through their attorneys, the Law Offices of Paul S. Haberman LLC, for their Complaint against defendants BONWOONG (BRIAN) KOO, MAUM HOLDINGS, INC., and MAUM CAPITAL, INC. (the "Defendants") hereby alleges as follows:

## NATURE OF THE CASE

    1.    This case is brought by plaintiff SEAN KOH an American citizen, New Jersey resident, and entrepreneur who was engaged by defendant BONWOONG (BRIAN) KOO in May of 2020 to be a Founding Partner, President, and/or Chief Executive Officer of his family-owned entities, defendants MAUM HOLDINGS, INC. and MAUM CAPITAL GROUP, INC. (the "MAUM ENTITIES"), and Chief Executive Officer of non-party Maum Entertainment/Music in exchange for various forms of compensation, and plaintiff KOHERENT, INC., a New Jersey company owned and operated by plaintiff SEAN KOH, with whom defendant BONWOONG (BRIAN) KOO, as an individual, signed a Mutual Non-Disclosure and Non-Circumvention Agreement (the "NDA") at the outset of the Parties' relationship in May of 2020. Thereafter, in his role as Chief Executive

1

Officer for the defendant MAUM ENTITIES, plaintiff SEAN KOH utilized his extensive network of contacts, as well as a lot of his time, between May 2020 and January 2022 securing business opportunities for defendant MAUM ENTITIES, taking meetings on their behalf, and making appearances for their benefit.  The fruits of plaintiff SEAN KOH's efforts on behalf of Defendants include, inter alia:

- The setting up of non-party Maum Entertainment/Music, of which he was the Chief Executive Officer, to bring Korean film, music, and other entertainment services and products to the United States;
- Helping the defendant MAUM ENTITIES with the globalization of Korean beauty products, including K Beauty;
- The setting up of Shop Maum, an extensive Korean online commerce site;
- The setting up of private label, e-commerce, and healthcare branches of the defendant MAUM ENTITIES; and
- The setting up of defendant MAUM CAPITAL GROUP, INC., of which he was President, and its proprietary network.

Despite his extensive work on behalf of defendants BONWOONG (BRIAN) KOO and the MAUM ENTITIES, when it came time to compensate plaintiff SEAN KOH for his efforts and pursuant to their agreement, defendant BONWOONG (BRIAN) KOO, scion of an affluent Korean family, gave plaintiff SEAN KOH nothing but excuses, sob stories, and ultimately, when an attorney got involved, utter and complete silence.  At the same time, defendant BONWOONG (BRIAN) KOO has repeatedly breached the NDA by way of the disclosure of confidential information provided to him by plaintiff SEAN KOH and by transacting business, without plaintiff SEAN KOH's prior knowledge or consent, with

business contacts brought to him by plaintiff SEAN KOH.  The instant action follows wherein Plaintiffs seek the compensation that was agreed to for plaintiff SEAN KOH's work on behalf of Defendants, as well as for breach of the May 2020 NDA.

## THE PARTIES

2. Plaintiff SEAN KOH is an individual who, at all relevant times, is a United States citizen and is and was a resident of Fort Lee, County of Bergen, State of New Jersey. Plaintiff SEAN KOH was engaged by Defendants as a result of his extensive, readily documentable background as an entrepreneur, businessman, and entertainment impresario, as well as someone who can specifically help with organizational, recruiting, fundraising, and networking efforts for Defendants in the New York area.

3. Plaintiff KOHERENT, INC. is a New Jersey domestic profit corporation that is owned and operated by plaintiff SEAN KOH and his father with a principal place of business located at 100 Old Palisade Road, Fort Lee, County of Bergen, State of New Jersey. It is with KOHERENT, INC., and by extension plaintiff SEAN KOH, with whom defendant BONWOONG (BRIAN) KOO agreed to, and then materially breached, a May 2020 NDA prior to the commencement of plaintiff SEAN KOH's work on behalf of Defendants.

4. Defendant BONWOONG (BRIAN) KOO is an individual who, at all relevant times, was and is a citizen of South Korea and resident of Palo Alto, California. He is the scion of an affluent Korean family with extensive business interests worldwide and, with plaintiff SEAN KOH's material assistance, a co-founder of the defendant MAUM ENTITIES.

5. Defendant MAUM HOLDINGS, INC. is a Delaware corporation of which defendant BONWOONG (BRIAN) KOO is a registered agent and its Chief Executive Officer, and which has a principal place of business located at 322 University Avenue, Palo Alto, California 94301. It is one of two then-nascent entities for which defendant BONWOONG (BRIAN) KOO brought in plaintiff SEAN KOH to found.

6. Defendant MAUM CAPITAL GROUP, INC. is a Delaware corporation which, upon information and belief, is owned and operated by defendant BONWOONG (BRIAN) KOO and his family and/or their agents, and which also has a principal place of business located at 322 University Avenue, Palo Alto, California 94301. It is one of two then-nascent entities for which defendant BONWOONG (BRIAN) KOO brought in plaintiff SEAN KOH to help found, and also to serve as its President.

## JURISDICTION, VENUE, AND STANDING

7. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the Parties as defendant BONWOONG (BRIAN) KOO, who is not an American citizen and a resident of California, as well as the defendant MAUM ENTITIES, which are both Delaware corporations, committed torts against plaintiff SEAN KOH, a citizen of the United States and resident of the State of New Jersey, and plaintiff KOHERENT, INC., a New Jersey profit corporation, and there is an amount in controversy in excess of $75,000, as well as supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Personal jurisdiction is proper over Defendants in this district pursuant to C.P.L.R. § 302(a)(2) and 302(a)(3), and Federal Rule of Civil Procedure 4(k) as Defendants, notably by way of their recruitment of plaintiff SEAN KOH, conduct, and

have, at all relevant times, conducted extensive commerce in the State of New York as a result of plaintiff SEAN KOH's efforts on their behalf. Moreover, the May 2020 NDA between plaintiff KOHERENT, INC. and defendant BONWOONG (BRIAN) KOO provides that all actions in connection with the same be brought in the state or federal courts of the County of New York, State of New York.

9. Venue is proper in the Southern District of New York pursuant to both 28 U.S.C. § 1391 (b)(2), as a substantial part of the events or omissions giving rise to the instant matter occurred in the County of New York, State of New York, City of New York, and the May 2020 NDA between plaintiff KOHERENT, INC. and defendant BONWOONG (BRIAN) KOO.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

10. In May of 2020, defendant BONWOONG (BRIAN) KOO engaged plaintiff SEAN KOH to be a Founding Partner/President in defendants MAUM HOLDINGS, INC. and MAUM CAPITAL GROUP, INC., as President of defendant MAUM CAPITAL GROUP, INC., and as Chief Executive Officer of non-party Maum Entertainment/Music.

11. That same month, defendant BONWOONG (BRIAN) KOO agreed to the NDA with plaintiff KOHERENT, INC., which was put together in order to protect plaintiff SEAN KOH from disclosure of any of his confidential business information, and the circumvention by defendant BONWOONG (BRIAN) KOO of plaintiff SEAN KOH in his dealings with any individuals or entities brought to the defendant MAUM ENTITIES by plaintiff SEAN KOH.

12. As compensation for plaintiff SEAN KOH's engagement, defendant BONWOONG (BRIAN) KOO, agreed to provide plaintiff SEAN KOH, inter alia, an

annual salary of Two Hundred and Fifty Thousand Dollars ($250,000.00), with three (3) months deferred and paid in a lump sum three (3) months from the start of the relationship and additional cash compensation to scale with the growth of the defendant MAUM ENTITIES, Ten Percent (10%) carry on all deals, a Two Percent (2%) equity interest in the defendant MAUM ENTITIES, a Ten Percent (10%) ownership interest in all entertainment and/or music projects of the defendant MAUM ENTITIES, and coverage of any related business expenses.[1] The contours of plaintiff SEAN KOH's compensation package were confirmed in written correspondence between plaintiff SEAN KOH and defendant BONWOONG (BRIAN) KOO.

13. In his role as President/Chief Executive Officer, and at the behest of defendant BONWOONG (BRIAN) KOO, plaintiff SEAN KOH utilized his extensive network of contacts, as well as a lot of his time, between May 2020 and January 2022, securing business opportunities for the defendant MAUM ENTITIES, taking meetings on behalf of the defendant MAUM ENTITIES, and making appearances for the benefit of the defendant MAUM ENTITIES.

14. The fruits of plaintiff SEAN KOH's efforts on behalf of Defendants included, inter alia:

- The setting up of non-party Maum Entertainment, of which he was Chief Executive Officer, to bring Korean film, music, and other entertainment services and products to the United States;

---

[1] It was also confirmed in writing by defendant BONWOONG (BRIAN) KOO that no other person other than any Koo family members would have a larger cash and/or stock compensation than plaintiff SEAN KOH in the defendant MAUM ENTITIES, or that of another non-party entity owned by BONWOONG (BRIAN) KOO, Formation 8.

6

- Helping the defendant MAUM ENTITIES with the globalization of Korean beauty products, including K Beauty;

- The setting up of Shop Maum, an extensive Korean online commercial site;

- The setting up of private label, e-commerce, and healthcare branches of the defendant MAUM ENTITIES; and

- The setting up of defendant MAUM CAPITAL GROUP, INC., of which he was President, and its proprietary network.

15. Moreover, in at least one investor presentation, on June 29, 2020, and set by plaintiff SEAN KOH, that is available both online[2] and as a digital file, defendant BONWOONG (BRIAN) KOO agrees that plaintiff SEAN KOH is a Co-Founder and Co-Owner of the defendant MAUM ENTITIES, as well as Chief Executive Officer of non-party Maum Entertainment, Co-Owner and Operator of all of the defendant MAUM ENTITIES' entertainment projects, and defendant MAUM CAPITAL GROUP, INC.'s Co-Founder, Co-Owner, and President.  Since the June 29, 2020 presentation, it has been confirmed by the event's organizer that defendant BONWOONG (BRIAN) KOO has networked with the different people in the group that appeared with them on the same.

16. Despite the foregoing, as of the date of this Complaint, and despite repeated oral and written representations made by defendant BONWOONG (BRIAN) KOO, plaintiff SEAN KOH has yet to be provided any compensation at all for his work for Defendants.  At the same time, plaintiff SEAN KOH is aware of multiple breaches of the NDA signed between defendant BONWOONG (BRIAN) KOO and plaintiff KOHERENT,

---

[2] Available online at
https:///www.youtube.com/watch?v=Y0NR087Rp_s&ab_channel=IvyFONVideo and
https://www.instagram.com/tv/CDHn0wzp4MO.  The event's agenda is available online at:
https://ivyfon.com/jun29forum/agenda.html.

7

INC. including, <u>inter</u> <u>alia</u>, by way of confidential information of plaintiff SEAN KOH's that was spoken about in a June 16, 2022 article in The Korean Herald, as well as by way of the circumvention of plaintiff SEAN KOH in his business dealings with various individuals and entities who were introduced to defendant BONWOONG (BRIAN) KOO by plaintiff SEAN KOH, including by way of the June 29, 2020 presentation.  The instant matter follows and is timely.

**FIRST CAUSE OF ACTION**
**<u>(BREACH OF CONTRACT: AGREEMENT AS TO THE DEFENDANT MAUM</u>**
**<u>ENTITIES)</u>**

17. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 16 of the Complaint as if fully set forth at length hereat.

18. Plaintiff SEAN KOH, by way of written correspondence with defendant BONWOONG (BRIAN) KOO, had a written, enforceable agreement to be a Founding Partner and/or President of defendants MAUM HOLDINGS, INC. and MAUM CAPITAL GROUP, INC. in exchange for, <u>inter</u> <u>alia</u>, annual salary of Two Hundred and Fifty Thousand Dollars ($250,000.00), with three (3) months deferred and paid in a lump sum three (3) months from the start of the relationship and additional cash compensation to scale with the growth of the defendant MAUM ENTITIES, Ten Percent (10%) carry on all deals,  a Two Percent (2%) equity interest in the defendant MAUM ENTITIES, a Ten Percent (10%) ownership interest in all entertainment and/or music projects of the defendant MAUM ENTITIES, and coverage of any related business expenses.  18.

Defendants breached their agreement with plaintiff SEAN KOH by failing to provide plaintiff SEAN KOH any compensation at all for his work between May 2020 and January 2022.

8

19. Plaintiff SEAN KOH suffered monetary damages which flowed directly from Defendants' breach of their agreement in the amount of the aforementioned values in each year of their agreement.

20. Plaintiff SEAN KOH performed his own contractual duties under the agreement with Defendants by, inter alia, using his extensive network of contacts, as well as a lot of his time between May 2020 and January 2022, securing business opportunities for the Defendants, which resulted in such material developments for them such as:

- The setting up of non-party Maum Entertainment, of which he was Chief Executive Officer, to bring Korean film, music, and other entertainment services and products to the United States;

- Helping the defendant MAUM ENTITIES with the globalization of Korean beauty products, including K Beauty;

- The setting up of Shop Maum, an extensive Korean online commercial site;

- The setting up of private label, e-commerce, and healthcare branches of the defendant MAUM ENTITIES; and

- The setting up of defendant MAUM CAPITAL GROUP, INC., of which he was President, and its proprietary network.

21. Accordingly, Defendants are liable to plaintiff SEAN KOH for damages in an amount to be determined by the Court, together with the costs of this action that, in no event, shall be less than Eleven Million Four Hundred and Forty-Five Thousand Eight Hundred and Thirty-Three Dollars and Thirty Cents ($11,445,833.30), which consists of Six Hundred and Forty-Five Thousand Eight Hundred and Thirty-Three Dollars and Thirty-Three Cents ($645,833.33), the baseline amount of annual compensation that

plaintiff SEAN KOH should have received for his work for Defendants between May 2020 and January 2022, as well as Ten Percent (10%) of a publicized $108 million entertainment-related transaction of defendant MAUM CAPITAL GROUP, INC.

## SECOND CAUSE OF ACTION
## (UNJUST ENRICHMENT)

22. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 21 of the Complaint as if fully set forth at length hereat.

23. Between May 2020 and January 2022, at the expense of plaintiff SEAN KOH's time and efforts, Defendants received a host of material benefits to their business interests including, inter alia:

- The setting up of non-party Maum Entertainment, of which he was Chief Executive Officer, to bring Korean film, music, and other entertainment services and products to the United States;

- Helping the defendant MAUM ENTITIES with the globalization of Korean beauty products, including K Beauty;

- The setting up of Shop Maum, an extensive Korean online commercial site;

- The setting up of private label, e-commerce, and healthcare branches of the defendant MAUM ENTITIES; and

- The setting up of defendant MAUM CAPITAL GROUP, INC., of which he was President, and its proprietary network.

24. Given that plaintiff SEAN KOH's efforts greatly expanded and helped establish the defendant MAUM ENTITIES, and helped defendant BONWOONG

(BRIAN) KOO generate substantial revenue, it would be unjust for Defendants to retain all, or any, of the benefits without compensating him at all for the same.

25. Accordingly, Defendants are liable to plaintiff SEAN KOH for damages in an amount to be determined by the Court, and in no event less than Eleven Million Four Hundred and Forty-Five Thousand Eight Hundred and Thirty-Three Dollars and Thirty Cents ($11,445,833.30), together with the costs of this action.

### THIRD CAUSE OF ACTION
### (CONVERSION)

26. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 25 of the Complaint as if fully set forth at length hereat.

27. Defendants owe plaintiff SEAN KOH an amount of $250,000.00 per year, prorated for the year 2022, as well as a 10% carry on all deals he brought in for them, a 2% equity interest in the defendant MAUM ENTITIES, a Ten Percent (10%) ownership interest in all entertainment and/or music projects of the defendant MAUM ENTITIES, and coverage of any business expenses, for the work that he performed for them pursuant to their written agreement.

28. The aforementioned property exists and Defendants are in possession of it.

29. Plaintiff SEAN KOH, for all of the work that he did for Defendants, as itemized throughout this Complaint, has the right to immediate possession of the above-summarized compensation and equity interest that he did not receive as a result of his work for Defendants.

30. Defendants have wrongfully interfered with plaintiff SEAN KOH's right to his possession of an amount of $250,000.00 per year, prorated for the year 2022, as well as a 10% carry on all deals he brought in for them, a 2% equity interest in the

defendant MAUM ENTITIES, a 10% ownership interest in all entertainment and/or music projects of the defendant MAUM ENTITIES, and the cost of any related business expenses, resulting in plaintiff SEAN KOH not receiving any of it as of the date of this Complaint.

31. Accordingly, Defendants are liable to plaintiff SEAN KOH for damages in an amount to be determined by the Court, and in no event less than Eleven Million Four Hundred and Forty-Five Thousand Eight Hundred and Thirty-Three Dollars and Thirty Cents ($11,445,833.30), together with the costs of this action.

**FOURTH CAUSE OF ACTION**
**(EQUITABLE ACCOUNTING)**

32. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 31 of the Complaint as if fully set forth at length hereat.

33. From May 2020 through January 2022, defendant BONWOONG (BRIAN) KOO acted as a fiduciary for plaintiff SEAN KOH, a co-owner and co-founder in the defendants MAUM ENTITIES, as well as plaintiff SEAN KOH's employer, and was accordingly entrusted with the management, handling, documenting, and distribution of all income, revenues, and expenses received/derived from the defendant MAUM ENTITIES.  Plaintiff SEAN KOH did not unilaterally have access to such information and materials.

34. Defendant BONWOONG (BRIAN) KOO breached that fiduciary duty to plaintiff SEAN KOH by willfully, or otherwise, refusing to provide plaintiff SEAN KOH with an accounting, despite repeated oral and written demands for same, as to: (1) the value of plaintiff SEAN KOH's Ten Percent (10%) carry on all deals;  (2) the value of plaintiff SEAN KOH's Two Percent (2%) equity interest in the defendant MAUM

ENTITIES; and (3) the value of plaintiff SEAN KOH's Ten Percent (10%) ownership interest in all entertainment and/or music projects of the defendant MAUM ENTITIES between May 2020 and January 2022, and relatedly failed to compensate plaintiff SEAN KOH for the same at any time.

35. Plaintiff SEAN KOH requires access to such information and/or documentation so that plaintiff SEAN KOH may conduct a full and complete accounting of the defendant MAUM ENTITIES' financial history in order to ascertain the total amount of compensation that is rightfully owed to plaintiff SEAN KOH.

**FIFTH CAUSE OF ACTION**
**(VEIL PIERCING)**

36. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 35 of the Complaint as if fully set forth at length hereat.

37. For the reasons described herein, as well as because of defendant BONWOONG (BRIAN) KOO's fluid use of the defendant MAUM ENTITIES for his myriad business interests, the separate personalities of defendant BONWOONG (BRIAN) KOO and the defendant MAUM ENTITIES does not and did not, at all relevant times, exist.

38. For all of the reasons discussed herein, adherence to the fiction that the existence of defendant BONWOONG (BRIAN) KOO as separate and apart from either of the defendant MAUM ENTITIES as a reality would promote an injustice as to plaintiff SEAN KOH, who was expressly recruited by defendant BONWOONG (BRIAN) KOO to most directly advance his own business interests, and seemingly secondarily, those of any particular entity that he, or his family, had an ownership interest in, including the defendant MAUM ENTITIES.

39. Based on the foregoing, equity dictates that defendant BONWOONG (BRIAN) KOO's corporate veil be pierced in order to make plaintiff SEAN KOH whole for the losses sustained as a result of Defendants' actions.

### SIXTH CAUSE OF ACTION
### (BREACH OF CONTRACT: NON-DISCLOSURE AGREEMENT)

40. Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 39 of the Complaint as if fully set forth at length hereat.

41. Plaintiff KOHERENT, INC., in order to protect the interests of plaintiff SEAN KOH, entered into the May 2020 NDA with defendant BONWOONG (BRIAN) KOO, as an individual.

42. Plaintiff KOHERENT, INC. performed under the NDA by not disclosing any of defendant BONWOONG (BRIAN) KOO's confidential information, as that term is defined in Section 1 of the NDA, and by not circumventing defendant BONWOONG (BRIAN) KOO in its dealings with any individuals or entities introduced to it by him.

43. Defendant BONWOONG (BRIAN) KOO breached the NDA by, inter alia, disclosing confidential information provided to him by plaintiff SEAN KOH to the Korean Herald for an article that was published on June 16, 2022, and by circumventing plaintiff SEAN KOH by conducting business, without his knowledge or consent, with individuals and entities who were introduced to defendant BONWOONG (BRIAN) KOO during the time that plaintiff SEAN KOH worked with him, including individuals introduced to defendant BONWOONG (BRIAN) KOO at the June 29, 2020 presentation.

44. Defendant BONWOONG (BRIAN) KOO's breaches caused, and are continuing to cause, economic loss to plaintiff SEAN KOH through the date of this Complaint, as defendant BONWOONG (BRIAN) KOO has traded on his confidential

information and has cut him out of business dealings involving individuals and entities introduced to them by plaintiff KOHERENT, INC.'s co-founder, plaintiff SEAN KOH.

45. Defendant BONWOONG (BRIAN) KOO's breaches likewise prevented economic gain for plaintiff SEAN KOH for similar reasons, as plaintiff SEAN KOH was deprived of a sum of money to be determined by the Court that he would have otherwise received had the NDA with plaintiff KOHERENT, INC. not been repeatedly breached by defendant BONWOONG (BRIAN) KOO.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for judgment in his favor and against Defendants awarding Plaintiff compensatory damages in an amount to be determined at trial, but in no event less than Eleven Million Four Hundred and Forty-Five Thousand Eight Hundred and Thirty-Three Dollars and Thirty Cents ($11,445,833.30), as well as a 10% carry on all deals he brought in for them, a 2% equity interest in the defendant MAUM ENTITIES, a 10% ownership interest in all entertainment and/or music projects of the defendant MAUM ENTITIES, and the amount of any related business expenses according to proof at trial, plus reasonable attorneys' fees, litigation costs, and expenses according to statute, pre-judgment interest, and such other and further relief as an accounting may reveal as appropriate and the Court deems appropriate.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all claims alleged herein.

Dated: New York, New York
August 4, 2022

**THE LAW OFFICES OF PAUL S. HABERMAN LLC**

By: _____/s/_____
PAUL S. HABERMAN (PH 2771)
Attorneys for Plaintiffs
19 Engle Street, Tenafly, New Jersey 07670 (All Mail)
88 Pine Street, 22nd Floor, New York, New York 10005
(201) 564-0590: Phone
psh@paulhabermanlaw.com: E-Mail