UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SEAN KOH and KOHERENT, INC.,

                Plaintiffs,

                                                      **AFFIDAVIT**

        v.

BONWOONG (BRIAN) KOO, Individually and as
an Officer of MAUM HOLDINGS, INC. and MAUM
CAPITAL GROUP, INC., MAUM HOLDINGS, INC.,
and MAUM CAPITAL GROUP, INC.,

                Defendants.
------------------------------------------------------------------x

    **SEAN KOH**, being duly sworn, affirms the following to be true under penalties of perjury:

1. I am over the age of eighteen (18).

2. I am a Plaintiff in the action herein, and submit this Affidavit in support of the Order to Show Cause for a temporary restraining order to have defendant Bonwoong (Brian) Koo cease contacting all individuals whom I introduced him to since I began working with him in 2020 and halt all of his business operations before Mr. Koo either destroys any material evidence, continues to further violate the Mutual Non-Disclosure and Non-Circumvention Agreement (the "NDA") that he signed with my fellow plaintiff Koherent, Inc., of which I am a principal, at the outset of the Parties' relationship in May of 2020, and commit any additional actions that may imperil and compromise the as-yet unascertained full value of both the back compensation owed to me and of my various interests in the defendants Maum Capital Group, Inc. and Maum Holdings, Inc.

1

3. The facts set forth herein are based upon my personal knowledge, as well as and including my extensive review of all correspondence between myself and Mr. Koo, as well as correspondence with witnesses, and review of written materials, as to Mr. Koo's actions taken in violation of the NDA.

4. For the purpose of brevity, my counsel has advised me to direct the Court's attention to the full recitation of the facts included in the Complaint, in addition to the portion of the allegations that I reiterate and expand upon in this Affidavit.

5. As reflected in the Complaint, in May of 2020, Mr. Koo engaged me to be a Founding Partner/President in defendants Maum Holdings, Inc. and Maum Capital Group, Inc. (the "Maum Entities"), and as Chief Executive Officer of non-party Maum Entertainment/Music. Exhs. 1, 2.

6. That same month, defendant Mr. Koo agreed to the NDA with plaintiff Koherent, Inc., which was put together in order to protect me from disclosure of any of my confidential business information, and the circumvention by Mr. Koo of myself in his dealings with any individuals or entities brought to him and/or the Maum Entities as a result of my efforts on their behalf. Exh. 3.

7. Section of 11 of the NDA ("Non-Circumvention") provides that "[d]uring the term of this Agreement - 3 years - and for a period of 36 months (total 6 years) thereafter neither party shall, directly or indirectly, take any action to circumvent the other party's relationship with individuals or companies, clients, buyers, fundraisers, co-brokers, parties to this agreement, or financing sources for a potential transaction the first party has disclosed to the second party as considering a potential transaction, or any of their respective affiliates. Both parties agree not to enter into a contract or

engage in any business related discussions, negotiations or transactions of any sort with companies, entities, or individuals introduced by the other without full prior written disclosure and consent from the originating party. Both parties agree that appropriate fee splits will occur on engagements sourced by the other – to be mutually agreed upon in writing prior to implementation. Who invoices and how and when these fees are disbursed will also be agreed upon prior to implementation."

8. On June 29, 2020, shortly after my compensation was agreed upon for the above-discussed roles, and the NDA was signed by Mr. Koo, I arranged for Mr. Koo's and my presentation for Ivy Family Office Network ("IVYFON") an exclusive family office investment community with over 50,000 investors (https://ivyfon.com/about.html) as evidenced here by their publication of our presentation: https://ivyfon.com/jun29forum/agenda.html.

9. The presentation was organized and sponsored by IVYFON, a group that is prominent in the field of family offices, such as those that are respectively owned by both Mr. Koo's family and my own. It was my relationship alone with IVYFON that allowed Mr. Koo and I to get this opportunity which - at the time of this document - has also accumulated over 21,700 views on my Instagram account: https://www.instagram.com/tv/CDHnOwzp4MO/?utm_source=ig_web_copy_link.

10. In addition to Mr. Koo and myself, several other individuals actively participated in the presentation, as reflected in the informational materials printed for it, as well as several others who, like us, owned and operated family offices, who appeared only off-camera. Exh. 4.

3

11. Had I not previously known the other individuals involved, as well as the head of IVYFON, Mr. Koo would have not had the opportunity to either meet them or participate in the presentation.

12. During the June 29, 2020 investor presentation, Mr. Koo agreed that I am a Co-Founder and Co-Owner of the Maum Entities, as well as Chief Executive Officer of Maum Entertainment, a Co-Owner and Operator of all of the Maum Entities' entertainment projects, and defendant Maum Capital Group, Inc.'s Co-Founder, Co-Owner, and President.

13. It was further acknowledged by Mr. Koo during the June 29, 2020 investor presentation that I was the one who brought the entertainment and music industry experience and contacts to the Maum Entities.

14. Notwithstanding what I just summarized above, and despite the NDA entered into just about a month earlier, I subsequently came to find out from an owner of IVYFON that Mr. Koo, without either my knowledge or consent, had been proactively networking with individuals who I introduced him to at the June 29, 2020 presentation.

15. Moreover, I recently came to learn, from a source other than Mr. Koo, that Maum Capital Group, Inc., just invested more $108 million dollars into Showbox, Ltd., a top Korean film distributor, in April 2022, based on the confidential information I shared with Mr. Koo under the NDA.

16. While I only found out about the Showbox, Ltd. in detail from an article in online edition of The Korean Herald, exh. 5, it was me who introduced Mr. Koo to the entertainment and music world when he tapped me for help found the Maum

Entities with him, prior to us stopping work together due to his utter and complete failure to compensate me at any time between May 2020 and January 2022. It is imperative that Mr. Koo stops violating the NDA and destroying evidence of such violations in order to calculate the full extent of the damage he has inflicted on me as Mr. Koo only continues to divulge my confidential information and circumvent my relationships despite countless attempts of myself to solve this amicably.

17. Based on these recent discoveries, it is apparent that Mr. Koo, only after we ceased working together in January 2022, has made a rather deliberate end run around me to both reach out to contacts of mine while simultaneously cutting me out of at least one exceptionally lucrative deal.

18. It should be noted that prior to bringing this ongoing dispute with Mr. Koo before the Court, my counsel sent repeated demand letters to Mr. Koo throughout the early part of this year, to which he never responded, either by himself or through counsel. Exhs. 6, 7.

19. Mr. Koo, in sum, has handled our relationship with completely bad faith, between failing to provide any compensation for my work since May 2020 and simultaneously going behind my back with contacts and relationships to make, or attempt to make, business deals in violation of the NDA and my employment agreement with him.

20. If Mr. Koo's actions are left unchecked by the Court in the outset of this case, I fear that he will continue to trample upon the NDA and permanently compromise my relationships with those who I introduced to Mr. Koo and leave me in a position where I will have to forever play catch-up with him to learn what I am owed and who he spoke to from my network to help set up something for which revenue was

generated for himself and the Maum Entities. This can only be accomplished at this time by enjoining Mr. Koo from engaging in any of his business interests at this time, as requested.

21. Further, I fear if the Court does not rein Mr. Koo in from the outset of this case, he is well-positioned, given his splitting of time between Korea and the United States and worldwide reach based upon his business interests, to destroy electronic and other records that I would require to piece together the full extent of the business that he was able to accomplish as a direct result of his breach of the NDA.

22. In order to ward off or minimize other and further such actions, it is respectfully requested that the Court grant this preliminary relief that is sought by my counsel in this Order to Show Cause.

23. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sean Koh, Plaintiff

Subscribed and Sworn
to before me on July 26 2022

Notary Public

KAYLA H. KIM
Notary Public - State of New York
No. 01KI6093594
Qualified in Rockland County
My Commission Expires June 2, 2023

6