# EXHIBIT 3



# Mutual Non-Disclosure and Non-Circumvention Agreement

This Mutual Non-Disclosure and Non-Circumvention Agreement (this "Agreement"), dated as of _____May 5, 2020_____, is entered into between ___Brian Koo_____ ("Prospect"), with an address of _____ and Koherent, Incorporated ("Koherent") with an address of 11 Cambridge Way, Alpine, NJ 07620.

WHEREAS, The Parties wish to explore a potential business relationship, and in connection therewith, each party may disclose certain technical and business information which the parties agree to treat as confidential pursuant to the terms herein ("Purpose").

NOW, THEREFORE, in consideration of the mutual agreements and covenants herein contained and the mutual disclosure of Confidential Information (as defined herein) by each party (the "Disclosing Party") to the other party (the "Receiving Party"), the parties hereto agree as follows::

1. Confidential Information. "Confidential Information" shall mean any and all proprietary information and documents provided by the Disclosing Party to the Receiving Party, either directly or indirectly, in writing, electronically, orally, by inspection of tangible objects, or otherwise unless such information has been explicitly designated by the Disclosing Party as not Confidential Information. "Confidential Information" includes, without limitation, technical data, trade secrets, plans for development, products or services, company or supplier lists, customer lists, customer information marketing plans, software, source code or documentation for software, financial documents or data, inventions, processes, technology, and designs.

Confidential Information disclosed to the Receiving Party by any officer, director, employee, general partner, agent or affiliate of the Disclosing Party is covered by this Agreement. The Receiving Party shall not use or disclose any Confidential Information other than to explore a potential business relationship between the parties and shall use the same care as the Receiving Party uses to maintain the confidentiality of its confidential information. Unless otherwise approved by the Disclosing Party in writing, the Receiving Party may disclose Confidential Information only to its employees, potential sources of financing, consultants, agents or advisors to whom such disclosure is necessary to evaluate, and engage in discussions concerning, the potential business relationship, or to carry out the terms of such relationship, who are bound by the terms hereof or similar confidentiality obligations. The Receiving Party acknowledges that the remedy at law for any breach of the foregoing provisions of this paragraph may be inadequate and that the Disclosing Party shall be entitled to seek injunctive relief against any such breach or threatened breach, without posting any bond, in addition to any other remedy available to it. Notwithstanding any other provision of this Agreement, the Receiving Party may disclose Confidential Information pursuant to any governmental, judicial or administrative order, subpoena or discovery request or request or inquiry of a regulatory or self-regulatory body, provided that the Receiving Party, to the extent legally permitted, uses reasonable efforts to notify the Disclosing Party sufficiently in advance of such order, inquiry, subpoena or discovery or other request so that the Disclosing Party may seek to object to such order, subpoena, inquiry or request, or to make such disclosure subject to a protective order or confidentiality agreement.

2. Exclusion. "Confidential Information" shall not include information that (a) at the time of use or disclosure by the Receiving Party is in the public domain through no fault of, action or failure to act by the Receiving Party; (b) becomes known to the Receiving Party from a third-party source whom the Receiving Party does not know to be subject to any obligation to the Disclosing Party of confidentiality; (c) was known by the Receiving Party prior to disclosure of such information by the Disclosing Party to the Receiving Party; or (d) was independently developed by the Receiving Party without any use of Confidential Information.

3. Warranty. All Confidential Information is provided "as is" without warranty of any kind. The receiving party agrees that the disclosing party shall not be liable for any damages whatsoever relating to the receiving party's use of such Confidential Information.

4. Return of Confidential Information. The Receiving Party shall immediately destroy or return all tangible and, to the extent practicable, intangible material in its possession or control embodying the Disclosing Party's Confidential Information (in any form and including, without limitation, all summaries, copies and excerpts of Confidential Information) promptly after the Disclosing Party makes a written request therefore and shall not thereafter be retained in any form by Receiving Party, except that notwithstanding the above, (a) one physical copy may be retained by Receiving Party to show compliance with the terms of this Agreement or for legal, regulatory and compliance purposes and (b) electronic copies may be retained in accordance with the Receiving Party's customary electronic record retention and retrieval practices.

1

Initials: ___SK___ KOHERENT    __Bk__ PROSPECT



**Mutual Non-Disclosure and Non-Circumvention Agreement**

5. Notice of Breach. The Receiving Party shall notify the Disclosing Party immediately upon discovery by a responsible officer thereof of any unauthorized use or disclosure of Confidential Information, or any other breach of this Agreement, and shall cooperate with the Disclosing Party in every reasonable way to help the Disclosing Party regain possession of Confidential Information and prevent its further unauthorized use.

6. Publicity, Relationship. Neither party shall make any representations, give any warranties or enter into any negotiations or agreements with third parties on behalf of the other party. Each party hereto agrees that all press releases, announcements, other forms of publicity made, or negotiations entered into, by it concerning any joint activity or business relationship with the other party must be pre-approved in writing by each party hereto.

7. Non-waiver. Any failure by the Disclosing Party to enforce the Receiving Party's strict performance or any waiver by the Disclosing Party, of any provision of this Agreement shall not constitute a waiver of the Disclosing Party's right to subsequently enforce such provision or any other provision of this Agreement.

8. No License. Nothing in this Agreement is intended to grant any rights to either party under any patent or copyright of the other party, nor shall this Agreement grant any party any rights in or to the Confidential Information of the other party except as expressly set forth herein.

9. No Obligation. Nothing in this Agreement shall impose any obligation upon either party to consummate a transaction with the other or upon either party to enter into discussions or negotiations with respect thereto.

10. Term. The Agreement shall terminate and be of no further force or effectthree years from the date of this Agreement.

11. Non-Circumvention. During the term of this Agreement and for a period of 36 months thereafter, neither party shall, directly or indirectly, take any action to circumvent the other party's relationship with individuals or companies, clients, buyers, fundraisers, co-brokers, parties to this agreement, or financing sources for a potential transaction the first party has disclosed to the second party as considering a potential transaction, or any of their respective affiliates.  Both parties agree not to enter into a contract or engage in any business related discussions, negotiations or transactions of any sort with companies, entities, or individuals introduced by the other without full prior written disclosure and consent from the originating party.  Both parties agree that appropriate fee splits will occur on engagements sourced by the other – to be mutually agreed upon in writing prior to implementation. Who invoices and how and when these fees are disbursed will also be agreed upon prior to implementation.

12. Miscellaneous.

(a) This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to the conflicts of law principles of such State. All actions in connection with this Agreement shall be brought only in the state or federal courts sitting in the City, County and State of New York. Those courts shall have jurisdiction over the parties in connection with any such lawsuit and venue shall be appropriate in those courts. Process may be served in any manner permitted by the rules of the court having jurisdiction.

(b) Any notice required or permitted under this Agreement shall be in writing and delivered by personal delivery, a nationally-recognized express courier assuring overnight delivery, confirmed facsimile transmission or first-class certified or registered mail, return receipt requested, and will be deemed given (i) upon personal delivery; (ii) one (I) business day after deposit with the express courier or confirmation of receipt of facsimile; or (iii) five (5) days after deposit in the mail. Such notice shall be sent to the party for which intended at the address set forth below its signature hereto or at such other address as that party may specify in writing pursuant to this section.

(c) Each party acknowledges and agrees that as of the date hereof, this Agreement is the only agreement between the parties with respect to confidentiality obligations. No provision of this Agreement shall be deemed waived, amended or modified by either party unless such waiver, amendment or modification be in writing signed by the party against whom enforcement of such waiver, amendment or modification is sought.

2

Initials:    ____SK____ KOHERENT        _Bk_ PROSPECT



**Mutual Non-Disclosure and Non-Circumvention Agreement**

(d) In the event that anyone or more of the provisions of this Agreement shall be held invalid, illegal or unenforceable in any respect, or the validity, legality and enforceability of anyone or more of the provisions contained herein shall be held to be excessively broad as to duration, activity or subject, such provision shall be construed by limiting and reducing such provision so as to be enforceable to the maximum extent compatible with applicable law.

(e) Receiving Party acknowledges that the remedy at law for any breach by him of the terms of this Agreement shall be inadequate and that the damages resulting from such breach are not readily susceptible to being measured in monetary terms.  Accordingly, in the event of a breach or threatened breach by Receiving Party of the terms of this Agreement, Disclosing Party shall be entitled to seek immediate injunctive relief and may seek to obtain a temporary order restraining any threatened or further breach.  Nothing herein shall be construed as prohibiting Disclosing Party from pursuing any other remedies available to Disclosing Party for such breach or threatened breach, including the recovery of damages from Receiving Party.  Receiving Party further represents that it understands and agrees that the provisions of this Agreement shall be strictly enforced and construed against it.  In the event Receiving Party violates any legally enforceable provision of this Agreement for which there is a specific time period during which Receiving Party is prohibited from taking certain actions or from engaging in certain activities, as set forth in such provision, then, in such event, such violation shall toll the running of such time period from the date of such violation until such violation ceases.

(f) This Agreement shall inure to the benefit of, and be binding upon, the parties and their respective successors and assigns.

(g) The parties specifically acknowledge that they have been advised and given a full opportunity to seek their own respective independent legal counsel concerning the interpretation and legal effect of this agreement and that they have either obtained such counsel or have intentionally refrained from doing so and have knowingly and voluntarily waived such right.

IN WITNESS WHEREOF, the parties hereto have executed this Mutual Non-Disclosure Agreement as of the date first set forth above.

| KOHERENT, INCORPORATED    Sean Koh | Brian Koo |
|---|---|
| Signature: *[signature]* | Signature: *Brian koo* |

SK

3

Initials:        _____ KOHERENT            _Bk_ PROSPECT