UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SEAN KOH and KOHERENT, INC.,

        Plaintiffs,

        v.

BONWOONG (BRIAN) KOO, Individually and as
an Officer of MAUM HOLDINGS, INC. and MAUM
CAPITAL GROUP, INC., MAUM HOLDINGS, INC.,
and MAUM CAPITAL GROUP, INC.,

        Defendants.
-----------------------------------------------------------------x

**ATTORNEY**
**CERTIFICATION**

    **PAUL S. HABERMAN**, an attorney duly admitted to practice law before the Courts of the State of New York, as well as the United States District Court for the Southern District of New York, hereby certifies the following under penalties of perjury:

1. I am the Principal/Owner of the Law Offices of Paul S. Haberman LLC, attorneys for plaintiffs SEAN KOH and KOHERENT, INC. (the "Plaintiffs") in the above-captioned matter.

2. I am fully familiar with the facts and circumstances of this action by virtue of my review of the file maintained by this firm for the prosecution of this matter.

3. I submit this Certification, pursuant to Federal Rule of Civil Procedure 65(b)(1) to advise the Court of efforts that have been made to give notice to defendants BONWOONG (BRIAN) KOO, MAUM HOLDINGS, INC., and MAUM CAPITAL GROUP, INC. (the "Defendants") as to the prospect of this lawsuit and reasons why further notice should not be required by the Court prior to the issuance of a temporary restraining order.

4. On both January 25, 2022 and February 21, 2022, I sent pre-litigation demand letters to defendant BONWOONG (BRIAN) KOO to each of his email addresses known to plaintiff SEAN KOH by way of their work and correspondence with one another. Exhs. A, B.

5. Defendant BONWOONG (BRIAN) KOO, despite the more modest demand for relief than now appears in the Complaint (as a result of actions subsequent to February 21, 2022 letter and review of further correspondence between the Parties), neither contacted me directly, nor had an attorney for himself or his named entities, defendants MAUM HOLDINGS, INC. and MAUM CAPITAL GROUP, INC., contact me or otherwise respond to either letter.

6. At the same time, it is Plaintiffs' understanding that defendant BONWOONG (BRIAN) KOO and his family's many business interests are subject to legal action across the world[1] and thus that they may be prioritizing certain matters and/or not giving due (or any) attention to others, such as Plaintiffs' grievances with defendant BONWOONG (BRIAN) KOO, or otherwise may be trying to make it difficult to collect anything from them.

7. All that is plain at this point, however, is that the Defendants, are ignoring Plaintiffs' grievances to date, perhaps with the hope that they would never actually file a lawsuit because of the small world that family offices, such as theirs respectively, occupy in the business/ Korean business community.

---

[1] By way of example, defendant BONWOONG (BRIAN) KOO was essentially sued by his own family after leveraging a venture capital fund of theirs without the approval of the limited partners by way of a $53 million loan from an affiliate of the fund. Exh. C.  His alleged actions in that matter provide a window into his history of suspect actions and evasion of responsibility prior to this action, and should add another layer to the Court's consideration of what sort of potentially volatile situation it is faced with when considering the Order to Show Cause and its supporting documents here.

8. At the same time, however, there is a concern is that the Defendants' worldwide reach would allow it to hide and/or destroy evidence of both its fortune and Plaintiffs' extensive interaction with them should notice be required prior to the issuance of a temporary restraining order.

9. While a solid rationale for the concern cannot immediately documented, it is respectfully requested that the Court recognize the real potential for such occurrences, and not wait for them to happen first and materially impact Plaintiffs' claims and/or potential to receive compensation from the Defendants.

10. No prior application has been made for the relief requested herein.

**WHEREFORE**, for the reasons stated herein, as well as those discussed at length in the Complaint, the Affidavit of Sean Koh, and the Memorandum of Law, all included herewith, it is respectfully requested that the Court should not require Plaintiffs to give notice to the Defendants prior to the issuance of the temporary restraining order requested by the Order to Show Cause and its supporting documents.

Dated: New York, New York
August 1, 2022

Respectfully Submitted,

**LAW OFFICES OF PAUL S. HABERMAN LLC**

/s/ Paul S. Haberman

By:   Paul S. Haberman (PH 2771)
19 Engle Street, Tenafly, NJ 07670 (All Mail)
88 Pine Street, 22nd Floor, New York, NY 10005
(201) 564-0590: Phone
(201) 767-2087: Facsimile
psh@paulhabermanlaw.com: Email

# EXHIBIT A



THE LAW OFFICES OF
PAUL S. HABERMAN LLC

Paul S. Haberman^  ^Admitted in NY, NJ, CT.
Principal/Owner

January 25, 2022

# FOR SETTLEMENT PURPOSES ONLY

**VIA EMAIL: brian@maumcapital.com/brian@formation8.com**
Mr. Bonwoong (Brian) Koo
Maum Capital Group, Inc.
322 University Avenue
Palo Alto, California 94301

**Re: Sean Koh**

Dear Mr. Koo:

    I am counsel to Sean Koh. Pursuant to N.J.R.E. 408, the contents of this letter cannot be used to prove or disprove the liability, or lack thereof, of any party to the above-referenced matter.

    In May 2020, you engaged Mr. Koh to be a Founding Partner/President/ Chief Executive Officer in Maum Holdings/ Maum Capital Group, Inc. ("Maum"). As compensation for Mr. Koh's engagement, you agreed to provide him, inter alia, an annual salary of Two Hundred and Fifty Thousand Dollars ($250,000.00) per year, Ten Percent (10%) of carry on all deals, and a Two Percent (2%) equity interest in Maum. The contours of his financial package were confirmed in written correspondence between the two of you.

    In his role as Chief Executive Officer, Mr. Koh utilized his extensive network of contacts, as well as a lot of his time between May 2020 and the present, securing business opportunities for Maum, taking meetings on behalf of your company, and making appearances for the benefit of Maum. The fruits of his efforts include:

- Setting up Maum Entertainment to bring Korean film, music, and other entertainment services and products to the United States, including the film "Parasite" and the music of Blackpink;

**19 Engle Street, Tenafly, New Jersey 07670 (For All Mail)**
**Wall Street Plaza, 88 Pine Street, 22nd Floor, New York, New York 10005**
**(201) 564-0590: Phone**
**(201) 767-2087: Facsimile**
**psh@paulhabermanlaw.com: Email**

- Helping Maum in the globalizing of Korean beauty products, including K Beauty;

- Assisting with the set-up of Shop Maum;

- Assisting in setting up the private label, e-commerce, and healthcare branches of Maum; and

- Providing material support to the setting up of Maum Capital and its proprietary network.

Moreover, in at least one interview on social media, Mr. Koh was expressly held out by you as Maum's Chief Executive Officer and Co-Founder.  Nonetheless, as of the date of this letter, and despite repeated oral and written representations made by you to Mr. Koh, you have yet to provide him any compensation for his work with Maum.

Based on the foregoing, please consider this letter a formal demand for Two Hundred and Fifty Thousand Dollars ($250,000.00 U.S.) on behalf of Mr. Koh.  In the event that are arrangements are not made with my office for the provision of $250,000.00 to Mr. Koh within two (2) weeks of the date of this letter, I have been authorized to pursue all available remedies in law and equity.  In making this demand, I should note that it is well documented both that Mr. Koh went out of his way to perform services for Maum and that you have repeatedly acknowledged as much in writing and in various media.  He should accordingly be made whole for his services at this time, as promised.

Thank you in advance for your attention to this letter.  Please do not hesitate to contact, or have your attorney contact, the undersigned with any questions, concerns, or arrangements for payment.

Very Truly Yours,

/s/

Paul S. Haberman

Cc:     **VIA EMAIL**

Mr. Sean Koh

# EXHIBIT B



Paul S. Haberman^  
Principal/Owner

^Admitted in NY, NJ, CT.

February 21, 2022

# FOR SETTLEMENT PURPOSES ONLY

**VIA EMAIL: brian@maumcapital.com/brian@formation8.com/brian@formationgroup.com**
Mr. Bonwoong (Brian) Koo
Maum Capital Group, Inc.
322 University Avenue
Palo Alto, California 94301

Re: **Sean Koh (Second and Final Letter)**

Dear Mr. Koo:

    As you may recall, I am counsel to Sean Koh. Pursuant to N.J.R.E. 408, the contents of this letter cannot be used to prove or disprove the liability, or lack thereof, of any party to the above-referenced matter.

    To follow-up on my January 25, 2022 letter, and with an acknowledgement by Mr. Koh of the good working relationship that the two of you once had and the recent passing of your father, please accept this letter as a final good faith demand for Two Hundred and Fifty Thousand Dollars ($250,000.00 U.S.) on behalf of Mr. Koh. In the event that are arrangements are not made with my office for the provision of $250,000.00 to Mr. Koh within five (5) days of the date of this letter, I have been authorized to pursue all available remedies in law and equity.

    To recap the factual synopsis from my initial letter, in May 2020, you engaged Mr. Koh to be a Founding Partner/President/ Chief Executive Officer in Maum Holdings/ Maum Capital Group, Inc. ("Maum"). As compensation for Mr. Koh's engagement, you agreed to provide him, <u>inter alia</u>, an annual salary of Two Hundred and Fifty Thousand Dollars ($250,000.00) per year, Ten Percent (10%) of carry on all deals, and a Two Percent (2%) equity interest in Maum. The contours of his financial package were confirmed in written correspondence between the two of you.

**19 Engle Street, Tenafly, New Jersey 07670 (For All Mail)**
**Wall Street Plaza, 88 Pine Street, 22nd Floor, New York, New York 10005**
**(201) 564-0590: Phone**
**(201) 767-2087: Facsimile**
**psh@paulhabermanlaw.com: Email**

In his role as Chief Executive Officer, Mr. Koh utilized his extensive network of contacts, as well as a lot of his time between May 2020 and the present, securing business opportunities for Maum, taking meetings on behalf of your company, and making appearances for the benefit of Maum. The fruits of his efforts include:

- Setting up Maum Entertainment to bring Korean film, music, and other entertainment services and products to the United States, including the film "Parasite" and the music of Blackpink;

- Helping Maum in the globalizing of Korean beauty products, including K Beauty;

- Assisting with the set-up of Shop Maum;

- Assisting in setting up the private label, e-commerce, and healthcare branches of Maum; and

- Providing material support to the setting up of Maum Capital and its proprietary network.

Moreover, in at least one interview on social media, Mr. Koh was expressly held out by you as Maum's Chief Executive Officer and Co-Founder.  Nonetheless, as of the date of both the initial letter and this one, you have yet to provide Mr. Koh with any compensation for his work with Maum.  In making this one final demand, I should again note that it is well documented both that Mr. Koh went out of his way to perform services for Maum and that you have repeatedly acknowledged as much in writing and in various media.  He should accordingly be made whole for his services at this time, as you have already promised on prior occasions.

Thank you in advance for your timely attention to this letter.  Please do not hesitate to contact, or have your attorney contact, the undersigned with any questions, concerns, or arrangements for payment.

Very Truly Yours,

/s/

Paul S. Haberman

Cc: **VIA EMAIL**

Mr. Sean Koh

# EXHIBIT C





A message from Lenovo

The transition to the hybrid workplace is we underway. Here's what employers need to k

Apr 18, 2022 - Economy & Business

# Behind the failure of VC firm Formation Group

 Dan Primack, author of Axios Pro Rata

   



Illustration: Aïda Amer/Axios



bankruptcy protection.

- **And the sentiment** was hardly unique, based on conversations with multiple other sources.

**Backstory:** Formation Group was launched in 2015 by Brian Koo, a scion of the family that founded publicly traded South Korean conglomerate LS Group, following the tumultuous breakup of an earlier VC firm called Formation 8. It raised $354 million for its debut fund and began a disastrous string of investments:

- Formation plugged around $90 million into Eva Automation, a failed audio startup led by former Facebook and YouTube CFO Gideon Yu; who was part of Formation's founding team but who later had a falling out with Koo. It also put more than $50 million into Yello Mobile, a South Korean fintech that imploded in a rash of litigation.

- One bright spot was an early investment in Indonesian ride-hail giant GoJek, but Koo sold those shares at just a tiny profit so that he could plug more money into...

- HonestBee, a Singapore-based online delivery upstart that Koo believed would become the future of shopping in Southeast Asia. The company would eventually fold, but not before its co-founding CEO was accused of self-dealing and embezzlement, and Koo briefly took over as CEO.

**The big problem was** that Koo didn't just put good fund capital after bad into HonestBee. According to multiple sources, he also leveraged the fund without limited partner approval — via a $53 million loan from an affiliate of LS Group.

part, that's members of Brian Koo's family essentially suing Brian Koo.

- The bankruptcy filings are designed to protect Formation Group both from LS Group, as a creditor, and also from the possibility that the arbitration could prompt litigation from LPs (although it's unclear what they'd stand to gain financially).

- Koo didn't respond to a request to speak with Axios, and an attorney for the LS Group affiliate declined comment.

**The bottom line:** Formation Group is done. The legal wrangling over its remaining scraps is not.

